CLIFFORD R. WILLS, Acting Secretary, Department of VeteransAffairs
You request my opinion as to the number of board members required to constitute a quorum for the transaction of business which the Board of Veterans Affairs is authorized by statute to conduct.
You state that Thomas C. Goodwin, former Chairman, recently resigned and that the Governor has not made any nomination to fill such vacancy. You further state that Joseph I. Thompson was *Page 193 
nominated by Governor Lucey on April 15, 1977, for a 6-year term ending May 1, 1983, to fill a vacant position, but that he has not been confirmed by the Senate.
It is my opinion that four members are necessary to constitute a quorum.
Section 15.49, Stats., provides:
 "There is created a department of veterans affairs under the direction and supervision of the board of veterans affairs. The board shall consist of 7 members who shall be veterans, including one who shall be a Spanish-American war veteran for the duration of the Spanish American veteran now serving, appointed for staggered 6-year terms." (Emphasis added.)
Section 15.07 (4), Stats., provides:
 "Quorum. A majority of the membership of a board
constitutes a quorum to do business and, unless a more restrictive provision is adopted by the board, a majority of a quorum may act in any matter within the jurisdiction of the board." (Emphasis added.)
I am of the opinion that the words "membership of a board" as used in the above subsection, means the authorized number ofpositions and not the number of positions which are currently occupied. In certain situations positions on a board may be physically vacant, and in other situations there may be a "vacancy" which is subject to filling by appointment where the office continues to be occupied by a holdover.
Construction of sec. 15.07 (4), Stats., is aided by the rule of construction given in sec. 990.001 (8m), Stats., which provides:
 "(8m) Quorum. A quorum of a public body is a majority of the number of members fixed by law." (Emphasis added.)
Section 15.49, Stats., fixes the number of members on the Board of Veterans Affairs at seven. A majority of seven is four.
Wisconsin, by statute, secs. 15.07 (4) and 990.001 (8m), is in accord with the general rule set forth in McQuillin Mun Corp (3rd ed. 1968) sec. 13.27b., which states: *Page 194 
 "In determining the legal quorum of a municipal governing body, ordinarily the whole membership of the body is to be counted. Where vacancies occur, the whole number entitled to membership must be counted and not merely the remaining members. . . ."
You also inquire whether Joseph I. Thompson can serve prior to confirmation by the Senate. It is my opinion that he cannot.
Senate Bulletin for the period ending May 21, 1977, indicates that the nomination of Joseph I. Thompson, as a member of the Veterans Affairs Board, to succeed Thomas G. Krajewski, to serve for the term ending May 1, 1983, has been referred to the Committee. It is immaterial that Mr. Thompson filed his oath with the Secretary of State on April 26, 1977. His appointment is not complete until he is confirmed.
Section 15.07 (1)(a), Stats., prescribes that members of the Board "shall be nominated by the governor, and with the advice and consent of the senate appointed, to serve for terms prescribed by law." Mr. Krajewski continues in office as a holdover. See State ex rel. Thompson v. Gibson, 22 Wis.2d 275,125 N.W.2d 636 (1964).
Mr. Goodwin continues to hold his office as a member although he has submitted his resignation. Volume 15, Civil Appointments, Department of State, Document #197 indicates that Thomas Clark Goodwin was appointed March 20, 1975, "as a member of the Board of Veterans Affairs to succeed Vivian Munson, . . . to serve for the remainder of the term ending May 1, 1979." He was appointed to fill a vacancy and holds office "until his successor is . . . appointed and qualifies" by reason of sec. 17.28, Stats. Although he has submitted his resignation, it is not effective until his successor qualifies. Section 17.01 (13), Stats., provides in part:
 "Resignations shall be made in writing, shall be addressed and delivered to the officer or body prescribed in this section and shall take effect, in the case of an officer whose term of office continues by law until his successor is chosen and qualifies, upon the qualification of his successor; and in the case of other officers, at the time indicated in the written resignation, or if no time is therein indicated, then upon delivery of the written resignation. . . ." (Emphasis added.)
BCL:RJV *Page 195