CHARLOTTE M. HIGBEE, Commissioner Personnel Commission
You advise that two of the three members of the Personnel Commission have resigned, leaving you as the only member. You ask whether you are authorized, during the period of these vacancies, to finally decide contested cases that are before the Commission pursuant to see. 230.45, Stats., including matters in which you have conducted hearings as a hearing examiner but in which the Commission had not entered an order pursuant to see. 227.09 (3)(a), Stats., directing that the hearing examiner's decision be the final decision of the agency.
In my opinion, the answer is yes.
Section 15.06 (6), Stats., provides: "Quorum. A majority of the membership of a commission constitutes a quorum to do business, except that vacancies shall not prevent a commission from doing business."
Section 230.45, Stats., sets forth the powers and duties of the Personnel Commission. They include adjudicating contested cases involving such matters as employe discipline, alleged discrimination on the basis of race and sex, and arbitration of certain grievances. Section 227.09 (3)(a), Stats., empowers agencies to direct that a hearing examiner's decision be the final decision of the agency.
The legislative intent under sec. 15.06 (6), Stats., is clear. Commission business is to continue despite vacancies. Since two of the three members of the Commission have resigned, thereby creating two vacancies, you alone constitute a quorum and are empowered to act as the Commission until a new member of the Commission takes office.
The power to act as the Commission includes all subjects on which the Commission is empowered to act, including cases before the Commission in which you sat as a hearing examiner. In this situation you would be exercising the same powers ordinarily exercised by a fully constituted Commission, and your decisions similarly are subject to the same provisions for judicial review. *Page 325 
In arriving at this conclusion, I have considered the argument that there is no vacancy caused by the resignations of two members of the Commission until their successors are chosen and qualify for office. Section 17.01 (13), Stats., provides:
 Resignations shall be made in writing, shall be addressed and delivered to the officer or body prescribed in this section and shall take effect, in the case of an officer who is not a school district officer and whose term of office continues by law until a successor is chosen and qualifies, upon the qualification of the successor; and in the case of other officers . . . at the time indicated in the written resignation, or if no time is therein indicated, then upon delivery of the written resignation.
Members of the Commission hold office until their successors qualify. See, State ex rel. Thompson v. Gibson, 22 Wis.2d 275,283, 125 N.W.2d 636 (1964).
For a number of reasons I cannot accept the argument that there are no vacancies on the Commission despite the resignations of two members, even absent the qualification of any successors. First, the "shall" in sec. 17.01 (13), Stats., probably is directory rather than mandatory. A contrary interpretation would lead to the absurd result that a governor could not nominate and the senate could not confirm a successor to an office holder who refused to put his/her resignation in writing but who nevertheless orally resigned and ceased to perform all duties. Second, this subsection must be construed as at most defining the content of the desired written resignation as including a willingness to remain in office until a successor qualifies. In addition to evidencing legislative intent to avoid vacancies where possible, this construction probably is constitutionally compelled. The contrary position would compel a person to work against his/her will. Third, the construction suggested in the previous two points harmonizes sec. 17.01 (13), Stats., with the overall purpose of sec. 15.06 (6), Stats., to see that government business continue notwithstanding resignations from service.
My opinion in 66 Op. Att'y Gen. 192 (1977) is not applicable here. In that opinion, I concluded that a resignation from a seven person board nevertheless required a quorum of four, the implication being that a resignation or vacancy does not reduce the number of votes needed to do business. However, that conclusion in part rested *Page 326 
on sec. 15.07 (4), Stats., which then provided: "Quorum. A majority of the membership of a board constitutes a quorum to do business and, unless a more restrictive provision is adopted by the board, a majority of a quorum may act in any matter within the jurisdiction of the board."
The difference between sec. 15.07 (4), Stats., as construed in that opinion, and sec. 15.06 (6), Stats., which is applicable here, is that the latter subsection contains terms added by ch. 276, sec. 65, Laws of 1969, viz: "except that vacancies shall not prevent a commission from doing business." This difference in statutory language makes inapplicable the reasoning in 66 Op. Att'y Gen. 192 (1977).
Similarly, this additional language makes inapposite 26 Op. Att'y Gen. 41 (1937), which concluded that the powers of the Public Service Commission could not devolve on a single commissioner. The applicable statute, however, provided that "a vacancy shall not impair the right of the remaining commissioners to exercise all the powers of the commission." 26 Op. Att'y Gen. at 42 (emphasis added). By contrast, sec. 15.06 (6), Stats., does not refer to "commissioners" in the plural. Instead, it provides that "vacancies" shall not prevent a "commission" from doing business. Thus, the Legislature was keenly aware that in the case of a three-person commission, as is the case here, "vacancies" in the plural would result in the conduct of commission business by a single commissioner.
BCL:CDH